Van Loon v. Lyon.

---

## JANE H. VAN LOON *v.* AGNES LYON.

Where infinite mischief would ensue should the court in the construction of a statute adopt a different rule from that which has been long established, the court will yield the construction which it would otherwise put upon the words of the act, to that construction which is universally received, and has been long acted on.

The provisions of the district court act (L. 1857, ch. 344) having been interpreted to authorize the issuing of an attachment upon the giving of an undertaking in a certain form, and such interpretation having for fourteen years been accepted and acted upon by the justices of the District Courts and the counsellors of the Supreme Court, practicing therein, *Held*, that such interpretation of the act, even though erroneous, would be upheld, where the adoption of a different rule would cause great mischief.

*It seems* that to give a justice of one of the District Courts of the city of New York jurisdiction to issue an attachment, the applicant must give a bond such as is required by the Revised Statutes (§ 29, art. 2, tit. 4, ch. 2, pt. 3) in cases where

attachments are issued by justices of the peace in suits for $100 or less. Those provisions of the Revised Statutes are re-enacted by the district court act (Laws of 1857, ch. 344, § 20). *Per* J. F. DALY, J.

Proof of an admission by a person in debt that she had disposed of her property and was going to Canada to live, *Held*, sufficient evidence of a disposal of her property with intent to defraud creditors, to warrant the issuing of attachment against her.

APPEAL by defendant from a judgment of the 7th District Court. The facts are stated in the opinion.

*Hubbard Hendrickson*, for appellant.

*Thomas Robinson*, for respondent.

JOSEPH F. DALY, J.—The respondent, Jane H. Van Loon, commenced an action by attachment in the District Court of the 7th Judicial District in the city of New York, against the appellant, Agnes Lyon. To procure such attachment, the respondent gave an *undertaking* to the effect that if the defendant recovered judgment against the plaintiff, the sureties would pay to the defendant all costs and extra costs that might be awarded to her, and all damages that she might sustain by reason of the issuing of such attachment, not exceeding three hundred dollars. Judgment having been rendered against the defendant in such action, she appealed to this court, claiming that the District Court or justice had not acquired jurisdiction to issue the attachment by which the suit is commenced, because the plaintiff had not given a *bond* conditioned to pay defendant " all damages and costs which she might sustain by reason of the issuing of such attachment if such plaintiff fail to recover judgment thereon, and if such judgment be recovered, that such plaintiff will pay the defendant all moneys which shall be received by her from any property levied upon by such attachment, over and above the amount of such judgment and interest and costs thereon." This latter is the form of bond required by the Revised Statutes to be given in order to procure attachments to be issued by a justice of the peace, when suits for $100 or less are commenced before them by attachment (R. S. part 3, chap. 2, tit. 4, art. 2, sec. 29. See also Laws of 1831, chap. 300, sec. 34 and 35).

This provision of law as to justices of the peace was in full force when the district court act of 1857 was passed.

By the latter act, under which the practice of the District Courts of this city is carried on, and by authority of which the attachment in the present case was supposed to be issued, it is provided that : " All laws in relation to the issuing of attachments by justices of the peace, when the debt or damages claimed do not exceed two hundred and fifty dollars, and of the service thereof, shall apply to these courts, except when the same may be inconsistent with this act" (Laws of 1857, chap. 344, sec. 20).

The next section (section 21) of the district court act, however, declares that : " Before a warrant or attachment shall issue, the party applying must prove to the satisfaction of the justice, by the affidavit of himself or some other person, the facts on which the application is founded, and the amount of his debt or claim over all payments and set-offs.    The plaintiff must also execute and deliver to the clerk of the court a written undertaking, approved by the justice, with such approval indorsed thereon, with or without sureties, to the effect that if the defendant recover judgment, the plaintiff will pay to him all costs and extra costs that may be awarded to the defendant, and all damages which he may sustain by reason of the arrest, not exceeding the sum specified in the undertaking, which must be double the amount claimed."

It will be observed that, while section 20 of the district court act re-enacts and applies to those courts those provisions of law requiring a *bond* of a special form to be given as a prerequisite to the issuing of an attachment by a justice of the peace, unless inconsistent with other provisions of the act, section 21 of the same act would appear to provide for an *undertaking* to be given.    But section 21 does not, in fact, provide for any undertaking adapted to the case of an attachment. There is full provision made for an undertaking upon arrest, and the form of it is set forth.    One part of the section (the beginning of the second paragraph), by the use of the word " also," would seem, at first, to provide that an undertaking must be given before attachment as well as before warrant, but, as by

the rest of the section it appears that only one form of under-taking is provided for, and only one undertaking is mentioned, and that one is applicable only to warrants of arrest, it must be held that but one undertaking was intended, and that for arrests, and not attachments. If an undertaking before attachment is is required by section 21, then it is the one therein set forth, which is appropriate only to arrests, and not only affords no security to the defendant upon attachment, but would be mean-ingless and absurd as security upon attachment. In order to make sense of the section, my view is that the word "also," in the beginning of the second paragraph of section 21 should be construed to refer to proceedings before warrants of arrest only, for the section commencing from that paragraph, down to the end, manifestly provides for cases of arrest, and not of attach-ment. In order to avoid an absurd construction of a statute, we are bound to reject a provision seemingly literal, and to observe the spirit and intent over the mere letter, and my conclusion is that the 20th section of the act, by its sweeping re-enactment and application of the Revised Statutes and laws relative to at-tachments before justices of the peace to these courts, having made ample provision for attachments in these courts, there was no necessity for any provision as to security in section 21, and none was intended: the words "or attachment," in the first line of the section, serving only to involve the whole enactment in an absurdity. For, suppose it be conceded that the 21st sec-tion requires an undertaking before attachment, what is to be the form and substance of such undertaking? Not the form set forth in the 21st section, for that is meaningless, and offers no security upon attachment. The plaintiff in this case gave an undertaking, of a form and substance for which no authority is furnished—one made up without the aid of the act of 1857 or the former laws. Is it sufficient then, to give the justice juris-diction, that any form may be used, so long as the instrument be an undertaking? If so, the substance of the security is in the discretion of the justice, and this amounts to no law at all. It has been suggested that an undertaking should be given con-taining the condition and substance of the bond under the Re-vised Statutes quoted above; that the 20th section of the act of

1857 re-enacted all those provisions of the Revised Statutes not inconsistent with the act—that the provision for a bond is, of course, inconsistent with the provision for an undertaking, and that, therefore, the *form* of the security should be that of an undertaking, and not that of a bond, but that, as no provision is made for the substance of the undertaking, the substance of the former bond may be deemed to be re-enacted as the substance of the security to be given under the 21st section of the act of 1857.

I cannot accede to this view, nor understand how any part of the bond can be deemed to be re-enacted, when the bond itself is not to be used; nor how the substitution of one form of security for another security, of special and different force, form and effect, is consistent with the retention of any part of the latter; nor how the retention of any part of the bond is consistent with the rejection of that form of security. It would be necessary not only to incorporate the condition of the bond in the undertaking, but to devise a new instrument compounded of the two, and of a form which the provisions of no law authorize.

My view would be that held by Judge Robinson, on the first argument and decision of this appeal, viz., that the provisions of sec. 29, art. 2, title 4, chap. 2, of part 3 of the Revised Statutes are re-enacted by the 20th section of chap. 344, Laws of 1857, and that the giving the bond heretofore described is necessary to give the justices of the District Courts of this city jurisdiction to issue attachments for commencing actions.

The re-enactments of sec. 20 are not affected by the provisions of sec. 81 of the same act, chap. 344 of Laws of 1857, which repeals all statutes, laws, and rules theretofore in force, whether consistent with such act or not. Sec. 81 shows, a general intent of the law-makers to repeal all laws, whether consistent or not; but sec. 20 shows a particular intent to re-enact the laws relating to attachments; and according to a familiar rule of the construction of statutes, the particular intent must be deemed to be an exception to the general intent, and must stand.

But we are met at once with the serious objection to a decision reversing the judgment appealed from, on this ground, that ever since the passage of the act, chap. 344 of 1857, a period of over fourteen years, the invariable rule and practice of the justices of the District Courts in this city, and the practitioners in those courts, has been to construe that act as repealing, by inconsistency, the former provisions of law requiring a bond on attachments, and substituting therefor the undertaking of the form adopted by the plaintiff in this action—that a decision to the contrary would now be productive of endless litigations, suits for trespass, and actions of damages against the justices of the District Courts for proceeding without jurisdiction.

In the case of *McKeen* v. *Delancy's Lessee* (5 Cranch R. 32), the Supreme Court of the United States, *per* MARSHALL, Ch. J., decided in effect that if infinite mischief would ensue should the court, in the construction of a statute, adopt a different rule from that which has been long established in the State, the Supreme Court would yield the construction which would be put on the words of the act, to that which the courts of the State have put on it, and on which many titles may properly depend. In that case, the question depended upon the acts of the Legislature of Pennsylvania respecting the registering of deeds, requiring them to be acknowledged before one of the justices of the peace of the proper county or city where the lands lie. The deed in controversy was acknowledged before a justice of the Supreme Court. The Supreme Court held that it was not regularly proved, and if the act of the Legislature were for the first time then to be construed, the opinion of the court would be to that effect. But the gentlemen of the bar spoke positively as to the universal understanding of the State on this point. The judge, who presided in the Circuit Court for the district of Pennsylvania, reported that this construction was universally received (*i. e.*, that the acknowledgment was sufficient), and so the Supreme Court of the United States held.

A similar course was taken by the Court of Chancery in this State (*Meriam* v. *Harsen*, 2 Barb. Ch. 270), in the case of the

Van Loon v. Lyon.

construction of the statute requiring the word "freely" to be inserted in acknowledgments of deeds by *femes coverts*, where the word "freely," although required by the statute, had been omitted in many hundred acknowledgments taken before the judges of the Supreme Court, judges of county courts, masters in chancery, and commissioners, and received by recording officers, and considered and treated as sufficient for twenty-seven years. "This construction has prevailed so extensively, and for so long a period, that it possesses high authority, and to pronounce these certificates void would be a most dangerous innovation," is the language of this court.

In the matter before us a similar view may be taken. For fourteen years there has been a received and established interpretation of the statute under discussion in the District Courts of this city, among the justices and attorneys and counsellors of the Supreme Court practicing therein, and to disturb it now would be dangerous.

It is the conclusion of the court, for the above reasons, that the undertaking should be deemed sufficient, and that the justice could acquire jurisdiction therefrom.

We regard the affidavit as sufficient; the fact that the defendant, who was in debt, admitting that she had disposed of her property, and was going to Canada to live, leading to the irresistible inference that the intent was to escape the payment of the debt, and defraud the creditor.

The judgment must be affirmed, with costs; the defendant to have leave to go to the Court of Appeals.

LARREMORE, J.—I think the affidavit in this case is sufficient, and that the interpretation given to the act in question by the justices of the District Courts, and acted upon by them for fourteen years past, should not now be disturbed, for the reasons assigned by Judge DALY, in the foregoing opinion.

Judgment affirmed.